IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 04-0834-P-B |
| CANNON HILL TIMBER, INC., CANNON HILL TRUCKING, INC., ANDRESS TRUCKING, INC., TINEY ANDRESS, JR., TINEY ANDRESS, III, a/k/a TINEY ANDREWS, III, and ELIZABETH W. BLACKWELL, as Administratrix of the Estate of JULIUS SMITH BLACKWELL and as dependent widow and next friend of JULIUS SMITH BLACKWELL, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

ORDER *In re* THE JOINT STIPULATION; PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT; AND A *Sua Sponte* STAY,

Pending before this court is a Motion For Entry of Default Judgment pursuant to Rule 55(b)(2), of the Federal Rules of Civil Procedure filed by plaintiff Progressive Specialty Insurance Company ("Progressive"), on April 6, 2005 (doc.13), with the Affidavit of Helen F-J Joyce, counsel of record for Progressive. Id. (attachment dated March 29, 2005). Progressive moves the court to enter default judgment against three of six named defendants Cannon Hill Timber, Inc., Cannon Hill Trucking, Inc., and Tiney Andress, III, a/k/a Tiney Andrews, III, for failure to plead, answer, or otherwise defend this action. Id. Also, before this court is a Joint Stipulation of Parties For Entry of Declaratory Judgment

(doc.9), with a Motion For Entry of Consent Order and proposed Consent Order for Declaratory Judgment filed by the other three named defendants (doc.10). After careful consideration of all relevant matter, and for the reasons stated, the Motion to Enter Default Judgment is GRANTED; the Joint Stipulation and the Motion For Entry of Consent Order are STRICKEN; and this action is STAYED under Wilton v. Seven Falls Co., 515 U.S. 277 (1995), pending final judgment in the underlying tort action brought by Elizabeth W. Blackwell which is currently pending in the Circuit Court of Dallas County, Alabama.

### A. Procedural History.

Progressive brought this action for declaratory relief pursuant to 28 U.S.C. § 1332, and § 2201. Progressive asks this court to construe and interpret the terms of an insurance contract between itself and plaintiff Cannon Hill Timber, to determine the rights and obligations, if any, of the parties under the contract (doc.1).

Progressive is an Ohio corporation with its principal place of business in Mayfield Village, Ohio; defendants are citizens of Alabama. The amount in controversy exceeds the requisite minimum federal jurisdictional amount, $75,000. Id., ¶¶1-8.

Progressive alleges that an insurance contract was issued to defendant Cannon Hill Timber, Inc., 1785 Hinson Road, Repton, Alabama 36475 (policy number CA 04193371-0, effective January 10, 2003 to January 10, 2004 (the "Policy")). The Policy "provides a $500,000 combined single limit for bodily injury and property damage liability." Id., ¶10. The Policy "lists four... vehicles: (1) a 2000 Western Star Model 49E; (2) a 2000 Western Star Model 490; (3) a 2000 Western Star Model 490; and (4) a 2000 GMC Model Sierra K3500. Id., Ex.A.

Progressive alleges that on February 10, 2003, on Highway 89, in Wilcox County, Alabama, a

tree fell across the Highway, knocking down power lines and blocking traffic.  Julius Smith Blackwell, employed by Pioneer Electric Cooperative, Inc., was dispatched to the location to help restore electricity in the area.  While Mr. Blackwell was attempting to remove the fall tree, a 1989 Freightliner tractor-trailer truck struck and killed him.  The truck was owned by defendant Tiney Andrews, III. Id., ¶¶13-15.

On March 13, 2003, defendant Elizabeth W. Blackwell, widow and next friend of Mr. Blackwell filed a tort action in the Circuit Court of Dallas County, Alabama.  *Elizabeth W. Blackwell, as dependent widow and next friend of Julius Smith Blackwell vs. Andress Trucking Company, Inc., et al.*, CV 2003 91.  Id., ¶14, Ex.B (hereinafter referred to as the "Blackwell tort action").  Defendant Blackwell's tort action names as defendants Andress Trucking Company, Inc., Tiney Andress, Jr., Tiney Andrews, III, Cannon Hill Trucking, Inc. (insofar as Tiney Andrews, III was an employee of Cannon Hill Trucking at the time of the accident, and was not competent or qualified to operate the truck), and Cannon Hill Timber, Inc. Id., ¶17-23.

Progressive raises one claim: The Blackwell tort action contends that there is insurance coverage under the Policy for the claims against Cannon Hill Timber and/or Cannon Hill Trucking, and Progress believes there is no coverage; Progressive seeks a declaration that it has no duty to defend or indemnify Cannon Hill Timber or any of the other defendants.  Progressive also seeks costs. Id., ¶¶24-37.[1]

Summons and Complaint were personally served upon all named defendants:  Cannon Hill Timber, Inc., Elizabeth Blackwell, Tiney Andress, III, a/k/a Tiney Andrews, III, Andress Trucking,

---

[1] Venue is proper insofar as the events giving rise to this action occurred in Wilcox and Dallas Counties, Alabama, situated in the Southern District of Alabama, Norther Division.  28 U.S.C. § 1391(a)(2); SD ALA LR 3.1.

Inc., Tiney Andress, Jr., and Cannon Hill Trucking, Inc. (doc.2).  Returns of service were filed January 18, 2005 (doc.3).  On March 8, 2005, this court noted that no appearances had been made (doc.6).  The court directed Progressive to show cause or make an appropriate motion.  Id.

On March 29, 2005, Progressive filed an Application to Clerk For Entry of Default (doc.7).  Progressive requested that default be entered against three of the six named defendants, Cannon Hill Timber, Inc., Cannon Hill Trucking, Inc., and Tiney Andress, III, a/k/a Tiney Andrews, III, for their failure to plead, answer or otherwise defend.  Id.  As noted with the Application, Progressive also submitted the Affidavit of counsel of record for Progressive.  Id. (attachment).

On March 30, 2005, the Clerk entered default against defendants Cannon Hill Timber, Inc., Cannon Hill Trucking, Inc., and Tiney Andress, III, aka Tiney Andrews, III (doc.8).  Copies of the Clerk's Entry of Default were mailed by certified mail return receipt requested.

Also on March 30, 2005, the subject Joint Stipulation of Parties For Entry of Declaratory Judgment was filed (doc.9).  The Stipulation is signed by counsel of record for Progressive; by William P. Taylor, Esq., counsel for defendant Elizabeth W. Blackwell; by defendant Tiney Andress, Jr., *pro se*; and by defendant Tiney Andress, Jr., as President of defendant Andress Trucking, Inc., "an authorized representative of Andress Trucking, Inc." Id.

> The Stipulation reflects, in part:
>
> That Cannon Hill Timber, Inc. is presently a Defendant in the [u]nderlying [Blackwell tort action];... [t]hat there is no coverage under the Progressive Policy for any of the claims asserted against Cannon Hill Timber, Inc., in the [u]nderlying [Blackwell tort action];... [t]hat Progressive has no duty to defend Cannon Hill Timber, Inc. or any of the other Defendants for the causes of action set forth in the [u]nderlying [Blackwell tort action];... [t]hat Progressive has no duty to indemnify Cannon Hill Timber, Inc. or any of the other Defendants for the causes of action set forth in the [u]nderlying [Blackwell tort action]; and... [t]hat the under signed Defendants have no objection to the Court granting the relief sought by Progressive in th[is] Declaratory Action.

(doc.9, ¶¶5-9).  With the Stipulation, Progressive filed a Motion For Entry of Consent Order, and a proposed Consent Order For Declaratory Judgment (doc.10).  The proposed Consent Order sets out that

> there is no coverage under the [Policy]... to Cannon Hill Timber, Inc... for any of the claims asserted against Cannon Hill Timber, Inc., in the [Blackwell tort action]... [t]hat Progressive has no duty to defend Cannon Hill Timber, Inc., or any of the other Defendants for the causes of action set forth in the [Blackwell tort action]; [t]hat Progressive has no duty to indemnify Cannon Hill Timber, Inc. or any of the other Defendants for the causes of action set forth in the [u]nderlying [Blackwell tort action]; and [t]hat the parties shall bear their own respective costs and attorney's fees.

Id.

Progressive states that "[t]he remaining defendants were also given the same opportunity to enter into such agreement but did not do so.  As a result, Progressive has applied to the Clerk requesting that a default be entered against Defendants Cannon Hill Timber, Inc., Cannon Hill Trucking, Inc., and Tin[e]y Andress, III also known as Tin[e]y Andrews, III, for their failure to plead, answer or otherwise defend..." Id., ¶5.

On April 4, 2005, the copies of the Clerk's Entry of Default (doc.8) sent by certified mail to Cannon Hill Timber, Inc., and Cannon Hill Trucking, Inc., at the addresses provided by Progressive (see doc.2[2]) were returned to the court by the Postmaster, Repton, Alabama (doc.11).  The Postmaster indicated that a change of address is on file for Cannon Hill Timber, Inc: P.O. Box 2094, Fairhope, Ala. 36533-2094, "AND FOR INDIVIDUAL TO: P.O. Box 447[,] Repton, Alabama 36475-0447" (doc.11).  The docket reflects that on April 5, 2005, the Clerk's Office remailed the copies of the Clerk's Entry of Default to Cannon Hill Timber, Inc., and Cannon Hill Trucking, Inc.

On April 6, 2005, the following docketing activity occurred:

---

[2] Cannon Hill Timber, Inc., c/o Mr. Mitchell Mixon, 1785 Hinson Road, Repton, Alabama 36475; and Cannon Hill Trucking, Inc., c/o Mr. Mitchell Mixon, HC32, Box 84A, Repton, Alabama 36475.

1) Notice of Bankruptcy was filed by Lynn Harwell Andrews, as Trustee in the bankruptcy estate of Cannon Hill Timber, Inc.  Trustee Andrews notices this court that defendant herein, Cannon Hill Timber, Inc., filed a Chapter 11 proceeding (Case No. 04-13333-WSS-7) on June 8, 2004, in the United States Bankruptcy Court for the Southern District of Alabama; the proceeding was converted to a Chapter 7 proceeding on February 16, 2005 (doc.12);

2) on April 6, 2005, Progressive filed the subject Motion For Entry of Default Judgment pursuant to Rule 55(b)(2), against defendants Cannon Hill Timber, Inc., Cannon Hill Trucking, Inc., and Tiney Andress, III, a/k/a Tiney Andrews, III, asserting that none of these defendants had appeared or filed responsive pleadings (doc.13);

3) Progressive filed a Notice of Filing, noticing this court that on January 25, 2005, the Bankruptcy Court granted relief from the automatic stay, 11 U.S.C. § 362(a), allowing Progressive to pursue the declaratory relief it seeks in this court, against the Debtor, and defendant herein, Cannon Hill Timber, Inc. (doc.14, attachment); and

4) this court received a Return Receipt card for the certified mailing of the Clerk's Entry of Default to Tiney Andress, III, a/k/a Tiney Andrews, III, indicating that the mailing was received (doc.15).

On April 8, 2005, this court received a Return Receipt card for the mailing of the Clerk's Entry of Default to Cannon Hill Timber, Inc., indicating that the mailing was received (doc. 16).

On May 2, 2005, the remailed Clerk's Entry of Default (doc.8), to defendant Cannon Hill Trucking, Inc., at P.O. Box 447, Repton, Al, was returned to the court by postal authorities.  The postal stamp on the envelop reflects that the mailing was "Unclaimed" (doc.17).

6

B.  Discussion of the Motions and Stipulation.

1.  Progressive's Motion For Default Judgment.

Progressive seeks default judgment against defendants Cannon Hill Timber, Inc., Cannon Hill Trucking, Inc., and Tiney Andress, III, a/k/a Tiney Andrews, III (doc.13).  No response to the Motion For Default Judgment has been filed.

There is no question but that the court has the authority to impose a default judgment.

> It is well established that the district court has authority to dismiss or to enter default judgment, depending on which party is at fault, for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure.  While the authority is reiterated in some of the Federal Rules of Civil Procedure for particular situations, the power is one inherent in the courts "in the interest of the orderly administration of justice."  It may be exercised sua sponte under proper circumstances.  The exercise of the authority is discretionary, and is subject to review for abuse of discretion.  Dismissal of an action with prejudice and entry of judgment by default are drastic remedies which should be used only in extreme situations, as the court has a wide range of lesser sanctions.

Flaska v. Little River Marine Construction Co., 389 F.2d 885, 887-88 (5th Cir.), *cert denied,* 392 U.S. 928 (1968) (footnotes and citations omitted).[3]  The Eleventh Circuit continues to follow Flaska:

> Apart from Rule 11, this court has previously recognized the inherent power of a court to impose reasonable and appropriate sanctions upon counsel for abusive litigation practices or for violations of procedural rules or court orders.  See, e.g., Carlucci v. Piper Aircraft Corp., Inc., 775 F.2d 1440, 1447 (11th Cir. 1985); Kleiner v. First National Bank of Atlanta, 751 F.2d 1193, 1208-11 (11th Cir. 1985); Flaska v. Little River Marine Construction Co., 389 F.2d 885, 888 & n.10 (5th Cir.), *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968); Woodham v. American Cystoscope Company of Pelham, N.Y., 335 F.2d 551, 557 & n.15 (5th Cir. 1964).  The court has the power either to dismiss a case with prejudice or to enter a default judgment for failure to prosecute with reasonable diligence or for failure to comply with court orders or rules of procedure.  Flaska, 389 F.2d at 887; see also Link v. Wabash Railroad Co., 370 U.S. 626, 629-33, 82 S.Ct. 1386, 1388-90, 8 L.Ed.2d 734 (1962).

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), the Court of Appeals for the Eleventh Circuit adopted as binding precedent all of the decisions of the former Court of Appeals for the Fifth Circuit decided prior to October 1, 1981.

7

Donaldson v. Clark, 819 F.2d 1551, 1557, n.6 (11th Cir. 1987).

A Motion under Rule 55(b)(2), "is not granted as a matter of right... [The Rule] vests the [c]ourt with judicial discretion in determining whether the judgment should be entered." Patray v. Northwest Publishing, Inc., 931 F.Supp. 865, (S.D.Ga. (Jun. 13, 1996)).

As noted, defendants Cannon Hill Timber, Inc., Cannon Hill Trucking, Inc., and Tiney Andress, III, a/k/a Tiney Andrews, III, were served the Summons and Complaint (doc.2), and Returns of service were filed (doc.3). No appearances have been made, nor responsive pleadings filed on behalf of these defendants. On March 30, 2005, the Clerk entered default against them (doc.8). To date, the procedural status of these defendants has not changed. Therefore, this court finds that judgment by default, pursuant to Rule 55(b)(2), against defendants Cannon Hill Timber, Inc., Cannon Hill Trucking, Inc., and Tiney Andress, III, a/k/a Tiney Andrews, III, is GRANTED. However, any request to enter judgment or to carry it into effect, for an accounting, or for a hearing to determine the character of the recovery to be awarded is DEFERRED until such time as this action is returned to this court's active docket. See 3. *Sua Sponte* Stay, supra.

2.  The Joint Stipulation and Motion For Consent Judgment.

The Joint Stipulation of Parties For Entry of Declaratory Judgment is signed by counsel of record for Progressive, by William P. Taylor, Esq., counsel for defendant Elizabeth Blackwell, by defendant Tiney Andress, Jr., on his own behalf, and by defendant Tiney Andress, Jr., as President of Andress Trucking, Inc., "an authorized representative of Andress Trucking, Inc. (doc.9).

It is the signature of defendant Tiney Andress, Jr., as President of Andress Trucking, Inc., which is problematic. Andress Trucking, Inc., is a corporate defendant. Defendant was served

(doc.2) and a return of Service filed (doc.3). An appearance has not been made in this action on behalf of defendant.

As a corporate defendant, Andress Trucking, Inc., cannot appear *pro se*. It is the established law of this country that a corporation "may appear in federal courts only through licensed counsel." See Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries,... that a corporation may appear in the federal courts only through licensed counsel. Osborn v. President of Bank of United States, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824)."). This "rule applies equally to all artificial entities," Id., at 202, and "even where the person seeking to represent the corporation is its president and major stockholder." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir.), *cert*. *denied*, 474 U.S. 1058 (1986); *accord* Federal Trade Commission v. Gem Merchandising Corp., 1995 WL 623168 (11th Cir. 1995); Central Design Construction, Inc. Vv. United States, 2002 WL 32069331, *2 (N.D.Fla. (Aug. 29, 2002)) ("[A] corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel.").

As noted, the Stipulation is signed on behalf of defendant Andress Trucking, Inc., by defendant Tiney Andress, Jr. However, nothing in the record indicates that Mr. Andress, Jr., is a licensed attorney admitted to practice before this court, and is representing defendant Andress Trucking, Inc. Thus, this court finds that the Stipulation does not contain the signatures of all interested parties or their counsel. The Stipulation constitutes a nullity, and is STRICKEN. Insofar as the Motion For Consent Judgment is directly related to and dependent on the Stipulation, it too is STRICKEN.

3.  *Sua Sponte* Stay.

Progressive is seeking a declaration that it has no duty under the Policy to defend or indemnify Cannon Hill Timber or any of the other defendants in the Blackwell tort action (doc.1, ¶¶24-37).  On May 2, 2005, this court contacted the Clerk of the Circuit Court of Dallas County, Alabama, and discovered that the trial of the Blackwell tort action was scheduled to begin on May 2, 2005.

The "doctrine of abstention" was formally recognized by the United States Supreme Court in Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941).  Under the doctrine, a federal court may elect to abstain from exercising its jurisdiction in a case pending before it by dismissing that case when a parallel state court case is also pending.  The Supreme Court later created a list of factors for the lower courts to balance when considering abstention.  As succinctly summarized by the Eleventh Circuit,

> [t]he [United States Supreme] Court set out four factors to be considered in determining whether dismissal... is appropriate: (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. [Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 819... (1976)]....  The [Supreme Court's subsequent] Moses H. Cone decision also repeated the four Colorado River factors and added two more:  (5) whether state or federal law will be applied; and (6) the adequacy of the state court to protect the parties' rights. [Moses H. Cone Memorial Hosp. v. Mercury Constr., 460 U.S. 1, 23... (1983)].

American Bankers Insur. Co. of Florida v. First State Insur. Co., 891 F.2d 882, 884 (11th Cir. 1990).

Several years ago, the Supreme Court confirmed that the discretionary standard first enunciated in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), governed a district court's determination of whether to dismiss or stay "a federal declaratory judgment action during the pendency of parallel state court proceedings," Wilton v. Seven Falls Co., 515 U.S. 277, 286-87 (1995), noting

10

that "[d]istinct features of the Declaratory Judgment Act... justify a standard of vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of Colorado River and Moses H. Cone." Wilton, 515 U.S. at 286.

In Wilton, the Supreme Court explained:

> "[t]here is nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court" to hear a declaratory judgment action.... By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.... In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to consideration of practicality and wise judicial administration.

Wilton, 515 U.S. at 288 (citation and footnote omitted); see Old Republic Union Insurance v. Tillis Trucking Co., Inc., 124 F.3d 1258, 1260 (11th Cir. 1997), cert. denied, 523 U.S. 1047 (1998). The Supreme Court noted that "where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Id. at 288, n.2.

Herein, the Blackwell tort action will determine liability, and if liability is found on the part of any of the defendants, Cannon Hill Timber, Inc., Cannon Hill Trucking, Inc., Andress Trucking Company, Inc., Tiney Andress, Jr., and/or Tiney Andrews, III, a/k/a Tiney Andrews, III, then the amount and the type of relief to be awarded. Should the Dallas County Circuit Court determine that defendant Blackwell's claims against Cannon Hill Timber, Inc., Cannon Hill Trucking, Inc., Andress Trucking Company, Inc., Tiney Andress, Jr., and/or Tiney Andrews, III, a/k/a Tiney Andrews, III, are valid and compensable, in whole or in part, the parties and this court would then squarely face the insurance

contract issues raised in this declaratory judgment action.  However, in the event that the Blackwell tort action is effectively defended and determined not to be compensable, then the issues of the rights and responsibilities of Progressive would be impacted directly.

"Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."  Brillhart, 316 U.S. at 495.  It is this court's opinion that a stay of this declaratory judgment action would avoid this court's "gratuitous interference," in such state court matters.  Wilton, at 283.  A stay would also allow this court to avoid, to the extent possible, piecemeal and duplicitous litigation.  Therefore, this court exercises its discretion under Wilton v. Seven Falls Co., 515 U.S. 277 (1995), to STAY all proceedings in the subject declaratory judgment action pending resolution of the related Blackwell tort action ongoing in the Circuit Court of Dallas County.  Assurance Company of America v. Legendary Home Builders, Inc., 305 F.Supp.2d 1272 (S.D.Ala. (Jan. 13, 2004)) (C.A. 02-0537-P-M); American National Property & Casualty Company v. Crawford, 2000 WL 1137218 (S.D.Ala. (July 19, 2000)) (C.A. 00-0123-P-M); Harbor Specialty Insurance Company v. D.W. McMillan Trust, 2000 WL 726901 (S.D.Ala. (May 19, 2000)) (C.A. 99-0967-P-S).

C.  Conclusion.

Accordingly, it is ORDERED that Progressive's Motion For Entry of Default Judgment pursuant to Rule 55(b)(2), be and is hereby GRANTED insofar as DEFAULT be and is hereby ENTERED against defendants Cannon Hill Timber, Inc., Cannon Hill Trucking, Inc., and Tiney Andress, III, a/k/a Tiney Andrews, III; the Joint Stipulation of Parties For Entry of Declaratory Judgment (doc.9), with a Motion For Entry of Consent Order and proposed Consent Order for Declaratory Judgment (doc.10), be and is hereby STRICKEN.

It is further ORDERED, *sua sponte* that this declaratory judgment action be and is hereby STAYED under <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277 (1995), pending final judgment in the underlying Blackwell tort action ongoing in the Circuit Court of Dallas County, Alabama.

The Clerk is directed to close this file for statistical purposes only. No later than thirty (30) days after entry of a final judgment in the Blackwell tort action, Progressive shall inform this court in writing of the entry of such judgment, at which time the court will reopen this declaratory judgment action to determine the character and amount of relief to be awarded Progressive by defaulting defendants, Cannon Hill Timber, Inc., Cannon Hill Trucking, Inc., and Tiney Andress, III, a/k/a Tiney Andrews, III, and to address any other remaining issues.

DONE this 31st day of May, 2005.

    S/Virgil Pittman
SENIOR UNITED STATES DISTRICT JUDGE