IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CIVIL ACTION 04-0834-WS-B ) |
| CANNON HILL TIMBER INC., et al., | ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to lift the stay of this declaratory judgment action imposed by Judge Pittman in May 2005 and to enter default judgment against defendants Cannon Hill Timber, Inc., Cannon Hill Trucking, Inc. and Tiney Andress III, a/k/a Tiney Andrews III. (Doc. 23).

Judge Pittman stayed this action "pending final judgment in the underlying Blackwell tort action." (Doc. 20 at 13). That action, according to the plaintiff herein, named as defendants Cannon Hill Timber, Inc.; Cannon Hill Trucking, Inc.; Andress Trucking Co.; Tiney Andress, Jr.; and Tiney Andress III. (Doc. 1 & Exhibits B-D). All of these, plus the plaintiff in the underlying action, are defendants in this action.

The plaintiff's motion recites that "the Underlying Action was resolved by a settlement agreement among the parties thereto, and the Circuit Court entered an Order dismissing the Underlying Action with prejudice." (Doc. 23, ¶ 8). The exhibits on which the plaintiff relies, however, are inadequate to establish that the underlying action has been resolved in its entirety. The only settlement agreements in evidence concern only the Cannon Hill defendants and State Farm Mutual Automobile Insurance Company. (*Id*., Exhibits C, D). The joint stipulation for dismissal is signed only on behalf of defendant Cannon Hill Timber, Inc., (*id*., Exhibit B), and the Court's order of dismissal is likewise directed only to the underlying plaintiff's case against Cannon Hill Timber. (*Id*., Exhibit A).

These exhibits date from September 2005. According to the plaintiff's motion, the underlying action was resolved "[o]n or about November 7, 2005." (Doc. 23, ¶ 8). It thus may

be that the action, partially resolved in September 2005, reached final judgment in November 2005. The plaintiff, however, has failed to carry its burden of establishing this fact. Accordingly, the motion to lift stay and enter default judgment is **denied**, without prejudice to the plaintiff's ability to seek similar relief on a more adequate showing.

    DONE and ORDERED this 9th day of February, 2006.

                                              s/ WILLIAM H. STEELE
                                              UNITED STATES DISTRICT JUDGE